FILED

2015 May-20  PM 04:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| **TAMMY PRESTWOOD**, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 1:15-CV-354-VEH** |
| | ) | |
| **DISCOVER BANK and JOHN NATHAN,** | ) | |
| | ) | |
| | ) | |
| **Defendants**. | ) | |

---

## MEMORANDUM OF OPINION

### I.    PROCEDURAL HISTORY

Pending before the court is the *In Forma Pauperis* Affidavit and application to commence this case without prepayment of fees, costs, or security.  (Doc. 2) (the "IFP Petition").   On March 11, 2015, this court conducted a frivolity determination pursuant to 28 U.S.C. § 1915, and ordered the plaintiff to re-plead her complaint by April 1, 2015.  (Doc. 5 at 5-6).  In that order, the court stated that "**[s]hould the Amended Complaint not be filed by April 1, 2015, the court will dismiss this case for the reasons stated [in document 5], and for want of prosecution.**"  (Doc. 5 at 6) (emphasis in original).  The plaintiff did file an Amended Complaint, albeit late, on April 6, 2015.  (Doc. 6).

## II.    STANDARD

Title 28 U.S.C. § 1915 governs proceedings in forma pauperis for nonprisoner plaintiffs. *See Martinez v. Kristi Kleaners, Inc.,* 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) ("Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP."); *see also Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) ("We agree with the analysis of the Sixth Circuit and hold that the affidavit requirement of section 1915(a)(1) applies to all persons applying to proceed i.f.p.").  The statute also provides that

> [n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2)(B)(I), (ii), (iii)."An issue is frivolous when it appears that 'the legal theories are indisputably meritless.'" *Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859 (11th Cir. 2008) (*quoting Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)). In other words, an IFP action is frivolous "if it is without arguable merit either in law or fact .... [A]rguable means capable of being convincingly argued." *Id.* at 859-60 (*citing Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001), and *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991)) (internal quotations and citations omitted).

### III.   ALLEGATIONS IN THE COMPLAINT

The complaint names as defendants "Discover Bank issuer of Discover Card," ("Discover Bank") and "John Nathan of Nathan & Nathan P.C., Counsel [for] Discover Bank," ("Nathan").  (Doc. 6 at 1).  According to the complaint, on January 24, 2009, Prestwood reached an agreement with Discover Bank that she owed a certain sum of money to that defendant, but that, in fact, she actually owed the money to an entity known as "Discover Financial Services, LLC" ("Discover Financial"). Based on this agreement, on February 20, 2009, a consent judgment was entered in an Alabama state court against the plaintiff, and in favor of Discover Bank.  On October 10, 2012, a process of garnishment was issued to Regions Bank, by the state court, in an attempt to collect on the aforementioned judgment.

The Amended Complaint alleges that the garnishment sought any and all accounts under the plaintiff's name, but that the only account at the garnishee's institution "was a Business Preferred Personal Checking [Account], which had Jimmey L[.] Prestwood or Tammy Ladawn Prestwood on it."  (Doc. 6 at 1-2).  The Amended Complaint then outlines the various attempts the plaintiff took in the state court to prevent the garnishment and unfreeze her funds.  (Doc. 6 at 2-9).  The Amended Complaint alleges that the state court denied her requests for relief.

Also, according to the Amended Complaint, on May 20, 2014,  the Alabama

Court of Civil Appeals affirmed the state court's decision.  Thereafter, the Amended

Complaint discusses the plaintiff's unsuccessful attempts to file certain documents and

obtain a rehearing in the Court of Civil Appeals.  (Doc. 6 at 10-11).

Finally, the complaint confusingly alleges:

(40) Upon getting PDF documentation from Court of Civil Appeals of
Alabama from trial case in Circuit Court of Calhoun County for an
appeal, the following document was included: Discover Bank's Attorney
filed on 12/09/2008 document "AL_02 Civil Case Cover Sheet Nathan
& Nathan File No. 08 44927" in the box for Defendant(s) the only one
checked is "*Individual*", which was filed with court. *(41) This PDF
document from Court of Civil Appeals was dated 07/28/2014 time
stamped 10:34 am, which we never received this document from
Discover Bank attorney's.  (42)Fraud was not discovered until after
initial brief was sent to court and presented in a corrected brief dated
09/29/2014, which was declared moot by Court of Civil Appeals on
01/09/2015. (43)Corrected Brief requested transfer of venue to Alabama
Supreme Court, along with stating fraud of Discover Bank's Attorney
relialized on 09/29/2014.*[1]

(Doc. 6 at 11) (italics in original).

## IV.   ANALYSIS

### A.   <u>Lack of Subject Matter Jurisdiction</u>

"'Federal courts are courts of limited jurisdiction.' *Kokkonen v. Guardian Life

Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994).

That federal courts are courts of limited jurisdiction means that they 'possess only that

---

[1]  The court chooses not to clutter this paragraph with numerous "sics" or other such
indicia.  This paragraph is presented exactly as it was written by the plaintiff in her Amended
Complaint.

power authorized by [the] Constitution and statute.' *Id*." *United States v. Rivera,* 613 F.3d 1046, 1049 (11th Cir. 2010). Rule 8 of the Federal Rules of Civil Procedure requires that every pleading which "states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).   In its order instructing the plaintiff to replead this matter, the court specifically ordered the plaintiff the cite "[t]he statute, code, rule of law, or other means by which you contend that this court has subject matter jurisdiction, personal jurisdiction, and venue, over this matter." (Doc. 5 at 5-6).  The Amended Complaint (doc. 6) contains no jurisdictional statement.  This court is mindful, however, of the Supreme Court's instruction that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (internal citations and quotations omitted).  Accordingly, the court will attempt to determine for itself the basis for jurisdiction based on the claims in this case.

There are no claims in this case which "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331.[2]   All of the plaintiff's claims are

---

[2]The closest the plaintiff comes is her citations to "2009 16 CFR 444.444-1," "31 CFR part 902 19.13(a)," and "Federal Rule 60(b)."  The court is unable to decifer to exactly which portion of the Code of Federal Regulations the first two citations are referring.  Regardless, she fails to explain how these regulations create a cause of action in her favor.  Finally, no cause of action can be maintained based on a rule of civil procedure.

therefore state law claims.  Then, the only basis for jurisdiction could be "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C.A. § 1332.  "Since *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806), [the Supreme Court has] read the statutory formulation 'between ... citizens of different States' to require complete diversity between all plaintiffs and all defendants."  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89, 126 S. Ct. 606, 613, 163 L. Ed. 2d 415 (2005) (quoting 28 U.S.C. § 1332.

As noted above, one of the defendants in this case is "John Nathan of Nathan & Nathan P.C. Counsel for Discover Bank."  The court takes judicial notice of the fact that Nathan & Nathan, P.C. has its offices in Birmingham, Alabama.  The court also takes judicial notice of the fact that Mr. Nathan is the owner/managing partner of that firm and is a citizen of Alabama.  The plaintiff too is a citizen of Alabama.  In the absence of complete diversity, this court does not have jurisdiction over this matter and this case must be dismissed.[3]

**B.    Claims**

There are further reasons why this matter should be dismissed.  To the extent

---

[3] Further, no facts are alleged to demonstrate that the requisite amount in controversy has been satisfied.

that any claim against any defendant is based upon the alleged naming of the wrong plaintiff in the state court case against the plaintiff,[4] that was an issue which should have been, and possibly was, raised at the state court trial and appellate levels. Indeed, as part of her remedies, the plaintiff seeks relief from the state court orders. "Under the *Rooker–Feldman* doctrine, lower federal courts lack jurisdiction to engage in appellate review of state court determinations." *In re Al-Sedah*, 347 B.R. 901, 904 (Bankr. N.D. Ala. 2005) (*citing Greenberg v. Zingale*, 2005 WL 1432471, at *3 (11th Cir. June 20, 2005) (*citing Powell v. Powell,* 80 F.3d 464, 466 (11th Cir.1996); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 1521, 161 L.Ed.2d 454 (2005)). Further, in Alabama, "[c]laims of fraudulent misrepresentation and suppression are subject to a two-year statute of limitations." *Foremost Ins. Co. v. Parham*, 693 So. 2d 409, 417 (Ala. 1997) (citing Ala. Code § 6-2-38(l)). To the extent that any fraud is based on that incident, it occurred when the state court action was originally filed, more than two years before the filing of the instant case. Therefore, the claim is time-barred.

There are also the following fraud-based claims in this case:[5]

---

[4] For example, the plaintiff's first cause of action reads: "2009 16 CFR 444.444-1 Discover Bank wrong plaintiff in trial Court (Discover Financial Services LLC reported and acted on debt they sent collection letter(s) received during 2008[)]."

[5] In the interest of brevity and to avoid clutter, the court will reproduce the plaintiff's claims verbatim, without correcting grammar, punctuation, or style.

§ 6-5-101 Fraud - Misrepresentations of material facts
Discover Bank's lawyer(s) Mr. Reed stated in court, see line 30 several
lines down, "I mean if you look at the Regions statements of which there
are a number - and the account is Jimmy L. Prestwood or Tammy
Ladawn Prestwood. That's a joint account. It was a joint account. We can
go after it." Discover Bank's lawyer(s) filed beginning case a document
AL_02 see line 40 a case for **Individual** was check not Business to go
after consent Judgment.

. . .

§ 6-5-103 Deceit
Discover Bank's lawyer(s) stated in line 30 verbatim of trial "indicates
Business Preferred Personal Checking. Undisputed" Discover Bank's
lawyer(s) filed beginning case a document AL_02 see line 40 a case for
**Individual** not Business to go after consent Judgment.

. . .

6-5-103 Deceit
Yet, during trial Discover Bank's lawyer lied to court with following
statement: "MR. REED: We represent Discover Bank in this. But we
filed - I think one the issues whether the garnishment was proper or not.
We filed a response to it." No response was received by Discover Bank's
lawyer(s) and no record in PDF file for Appeal that they responded .

. . .

6-5-103 Deceit
Discover Bank's lawyer (s) filed form C-21 stating: "(Any and all
accounts)" under "Name and Address of Garnishee" for an Individual
unsecured debt.

(Doc. 6 at 12-13) (bold in original).  "[A]n essential element of any fraud claim is

reasonable reliance." *Exxon Mobil Corp. v. Alabama Dep't of Conservation &*

*Natural Res.*, 986 So. 2d 1093, 1125 (Ala. 2007).  To the extent that there are

8

representations in these claims, there are no facts pled which indicate any reliance by the plaintiff.  Further, the same *Rooker–Feldman* principles would apply here to bar these claims–all of which appear to clearly be based on events which occurred during state court proceedings.  Finally, to the extent that any fraud claim is based on the filing of a Civil Action Cover Sheet sheet at the beginning of the state court case, that clearly occurred more than two years ago. Any such claim is therefore also time barred.[6]

Similarly, the *Rooker–Feldman* doctrine applies to bar the following claims:

§ 6-5-260 Deprivation of owner of possession
Committed by Discover Bank lawyer(s) by not releasing Business Assets of The Prestwood's. Also, being awarded by Circuit Court Judge John Thomason.[7]

---

[6]  To the extent that the plaintiff is arguing that she only recently discovered the cover sheet, her claim still fails.  If she has never seen it before, she could have never relied upon anything stated in it.

[7]  To the extent that this claim is directed to Judge Thomason, it fails because Judge Thomason is not a defendant in this case.  The plaintiff similarly appears to make claims against Judge Thomason when she writes:

§6-5-104(3) The suppression of a fact by one who is bound to disclose it:
§ 6-5-102 Suppression of material facts: Circuit Court Judge, John Thomason, for allowing case to go forward was for individual not business Discover Bank's attorney(s) filed a Garnishment/Levy for Individual.

. . .

Canon 3(2) (3) (4) Biased Judge as per Alabama Canons of Judicial Ethics his actions before and during trial of lack of due process guaranteed by U.S. Constitution and Alabama Constitution. Also, by him refusing to recuse himself of trial case due to his lack impartiality guaranteed in State Constitution

. . .

§ 8-9-11 Agreements to confess by Discover Bank being wrong plaintiff in trial Court.

(Doc. 6 at 12).[8]

## V.   CONCLUSION

For all of the foregoing reasons, the court finds that all claims in the amended complaint are without arguable merit either in law or fact, and are therefore frivolous. Pursuant to 28 U.S.C. § 1915, this matter will therefore be **DISMISSED as frivolous**. A final order will be entered.

---

SECTION 13.

(Doc. 6 at 12, 13).  These claims too fail since Judge Thomason is not a defendant in this matter. Further, a Canon of ethics is not a basis for a cause of action.

[8]  The court notes that the plaintiff also cites the following as a claim:

31 CFR part 902 19.13(a)
MR. REED: STATED -"They claim that the only remedy for a debt of this nature is wage garnishment. That's simply not Alabama law." It federal law for unsecured debt.

(Doc. 6 at 12).  The court previously discussed this "claim" in footnote 2 and explained that the citation was impossible to decifer and also that the plaintiff had not explained how this "regulation" provided a claim in her favor.  *See* note 2, *infra*.  The court also notes that the *Rooker-Feldman* doctrine would apply to bar this claim as well, as it appears to be clearly based on some discussion which occurred in the state court proceedings.  Additionally, the plaintiff cites to Rule 60 of the Alabama Rules of Civil Procedure which cannot form the basis of a claim. (Doc. 6 at 13).

**DONE** and **ORDERED** this 20th day of May, 2015.

**VIRGINIA EMERSON HOPKINS**
United States District Judge